## BEAN *v.* WARNER.

Upon the laying out of a highway by selectmen, notice was given to A., who was at the time of the notice, a land-owner. Before the day fixed for the hearing, A. sold the land to B. On the day of the hearing both A. and B. appeared before the selectmen, and showed the fact of the transfer of the property, and A. waived all right to damages, and B. claimed that they should be awarded to him. The selectmen declined to make the award to B., but did make it to A.—*Held*, that under section 10, chapter 50, Revised Statutes, providing that any person who had no actual notice of the laying out of a highway might, within one year, apply to the court, which might award him damages, B. could proceed by petition to the Common Pleas and have the award made to him.

The Common Pleas have jurisdiction of such a petition, and may refer it to the road commissioners of the county, to assess the damages.

PETITION for increased damages, under the following circumstances :

A public highway was laid out in Warner, by the selectmen. At the time the selectmen gave notice to the land-owners, one piece of the land through which the road was to pass belonged to and was owned by Nehemiah G. Ordway. After service of notice upon Ordway, and before the day of hearing, Ordway conveyed his land through which the road was to pass, to the plaintiff, by deed of warranty and in fee simple.

Bean *v.* Warner.

At the day of hearing Ordway appeared before the selectmen, as counsel for the plaintiff or as agent, and waived all right to the land and land damages, and the plaintiff was present with his deed, duly recorded, and offered to show it to the selectmen. It was agreed that the deed was in due form of law, and that the plaintiff had the same present before the selectmen at the time, and claimed land damages. The selectmen refused to award damages to him, but awarded them to Ordway.

The plaintiff brought his petition, setting forth that the award should have been to him and not to Ordway, and that the award, being fifty-six dollars, was not sufficient, and asked for an increase of damages, and that the award might be made to him.

Upon motion of the plaintiff the petition was referred to the county commissioners, the defendants' counsel objecting.

The county commissioners appointed a day of hearing, and heard the parties, and made their award in substance as follows: That the award should be to the plaintiff instead of Ordway, and the damages should be increased to seventy-five dollars, and that the defendant should pay costs of reference, &c.

The defendants' counsel moved the court to set aside the report of the commissioners, because the commissioners had no jurisdiction under the provisions of the statute; but the court overruled the motion, and ordered judgment on the report, to which the defendants excepted, and their exceptions were allowed.

*Everett,* for the petitioner.

*Rolfe & Marshall,* for the defendants.

1. The Court of Common Pleas has no jurisdiction, and consequently could not refer the petition to the county commissioners. The plaintiff's remedy is by suit at com-

mon law. The statute gives him no remedy by a petition. The plaintiff brings his petition by virtue of the 9th section of chapter 53 of the Compiled Laws. The language of the statute is: "If any person shall think himself aggrieved by the assessment of damages made by the selectmen," &c. But in this case there is no assessment of damages for him to feel aggrieved about; there is no award to the plaintiff, and that is the grievance set forth in his petition.

2. The statute nowhere provides a remedy by petition to the Court of Common Pleas, in case no award is made to the petitioner, or where the award is made to the wrong person; and no assessment of damages is made to him by the selectmen. Damages must be assessed by the selectmen to the petitioner before the Court of Common Pleas can have jurisdiction by petition, and the aggrieved party, as in this case, has his remedy by a suit at law, and in no other way.

3. And with reason: for the question to be settled would generally be a question of title, and the legislature in its wisdom has not thought fit to give the plaintiff his remedy in this way.

EASTMAN, J. The Revised Statutes, chapter 49, section 13 (Comp. Stat., ch. 52, sec. 16) provide that when a highway is laid out by selectmen, they shall assess the damages sustained by each "owner" of land required for such highway. The "owner" is to receive the damages for his rights which are taken, and the award is to be made to him.

At the time this highway was laid out, and the damages assessed, Ordway, to whom the award was made, was not the owner of the land; and the award to him was, therefore, erroneous.

By section 9, chapter 50, Revised Statutes (ch. 53, sec. 9, Comp. Stat.) it is provided that any person who may think himself aggrieved by the assessment of damages

by the selectmen, may, within one year after the road is opened, petition the Court of Common Pleas for redress; and the court, after due notice, may award such damages as may be just, and costs to either of the parties, in their discretion, and issue execution therefor.

The tenth section of the same chapter is as follows: "Any person who had no actual notice of the laying out or altering of any highway, may, within one year after the same shall be opened and made, apply to the said court, as provided in the preceding section, and the court, after notice as aforesaid, shall award damages and costs, and issue execution therefor, as is therein provided."

In *Dalton* v. *North-Hampton*, 19 N. H. 362, it was held that a petition, presented under the ninth section, by a party aggrieved by the assessment of damages by the selectmen, was a petition relating to roads, within the meaning of section fourth of the same chapter, which provides that all petitions relating to roads shall be referred to the road commissioners, and that it might be referred by the court to the commissioners. In that case it was said by *Woods*, J., that "the road commissioners have peculiar means, in their powers and their modes of proceeding, to investigate with success the merits of such a petition, which the Court of Common Pleas do not possess, and which a jury cannot use in ordinary cases without great inconvenience and expense."

In *Baker* v. *Holderness*, 26 N. H. (6 Fost.) 110, it was held that the Court of Common Pleas might, in its discretion, refer the question upon such petitions to the road commissioners, or direct the damages to be assessed by a jury.

The proceedings under the tenth section are the same as those under the ninth—the only difference in the two sections consisting in the provision for different cases. And when a petition is presented under the tenth section, the court may refer it to the road commissioners.

We think this petition may fall within the provisions of the tenth section, although it might, perhaps, come within the ninth. No notice was given to the petitioner of the laying out of the highway; and there is no suggestion that the petition was not seasonably presented. It is true that it is not one of the cases that ordinarily arise under that section, but the provisions are broad enough to reach this case. They would seem to have been intended to cover all cases where a person's land is taken for a highway, and no notice given him of the laying out. It is therefore unnecessary to compel the petitioner to seek redress by other proceedings. The Common Pleas had jurisdiction of the petition, and their action in referring it to the commissioners was, according to the practice of the court, sanctioned by authority.

*The exceptions must be overruled.*